1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STEPHEN GARCIA S.G.,                    No.  2:23-cv-00506 DAD AC PS

12                   Plaintiff,

13         v.                                 ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14    MARLIN GARCIA,

15                   Defendant.

16

17         Plaintiff is proceeding in this action pro se.  This matter was referred to the undersigned

18    by E.D. Cal. R.  302(c)(21).  Plaintiff has filed a request for leave to proceed in forma

19    pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that

20    statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

21                                     I.  SCREENING

22         A determination that a plaintiff qualifies financially for in forma pauperis status does not

23    complete the inquiry required by the statute.  The federal IFP statute requires federal courts to

24    dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

25    relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

26    28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether or not the

27    complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of

28    Civil Procedure ("Fed. R. Civ. P.").  Under the Federal Rules of Civil Procedure, the complaint

                                              1

must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.   THE COMPLAINT

Plaintiff alleges that his brother, the defendant, stole nuclear weapons of mass destruction from the government "every day from September 1972 until now March 14, 2023."  ECF No. 1 at 5.  The thefts occurred "off the military base in N.A.S.A. Cape Canaveral, Florida."  Id. at 6.  In 1973 or 1974, defendant – who had stolen about 20 billion nuclear weapons – stated that he would blow up every city in the United States of America in one hour.  Id.  Per the complaint, these weapons were detonated, and people were hit, in violation of the penal code.  Id.  Plaintiff lists his cause of action as "stealing weapons of mass destruction" and asserts that he is owed money damages.

## III.   ANALYSIS

The complaint does not contain facts supporting any cognizable legal claim against any defendant.  The court finds that the complaint consists entirely of fanciful and delusional allegations with no basis on law and no plausible supporting facts.  See ECF No. 1.  The contents of the complaint are sufficiently implausible to make it clear that leave to amend in this case would not be fruitful.

Further, it appears that plaintiff appears to be attempting to assert a criminal cause of action.  "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch."  Clinton v. Jones, 520 U.S. 681, 718 (1997).  Accordingly, the "penal code" does not establish any private right of action and cannot support a civil lawsuit.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).  Accordingly, the complaint fails to state a claim upon which relief could be granted.  The undersigned will therefore recommend that the complaint be dismissed with prejudice.

## IV.     PRO SE PLAINTIFF'S SUMMARY

It is being recommended that your case be dismissed because it does not state facts that are plausible, and because you cannot bring a criminal cause of action in a civil case.

V.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: April 24, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4